ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FILED IN CHAMBERS
U.S.D.C. Atlanta

FOR THE NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

JUN 2 8 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

|                              |   |                       |
|------------------------------|---|-----------------------|
| UNITED STATES OF AMERICA     | : |                       |
|                              | : | CRIMINAL INDICTMENT   |
| v.                           | : |                       |
|                              | : | NO. 3:04-CR-08-JTC     |
| JOHANNES DU PREEZ;           | : | First Superseding     |
| FRANCISKA DU PREEZ;          | : |                       |
| JEFFREY ESTEP;               | : |                       |
| STANLEY FUR; and             | : |                       |
| GIDEON SMITH;                | : |                       |
|                              | : |                       |
| Defendants.                  | : |                       |

THE GRAND JURY CHARGES THAT:

## COUNT 1
(18 U.S.C. § 371)

1.   Beginning as early as June of 1997 and continuing through the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants, JOHANNES DU PREEZ, FRANCISKA DU PREEZ, JEFFREY ESTEP, STANLEY FUR, and GIDEON SMITH did combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury to commit the following offenses:

A.   To encourage and induce aliens to come to and reside in the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such entry and residence in the United States is and will be in violation of law, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i);

B. To knowingly present to the Immigration and Naturalization Service (now a part of the Citizenship and Immigration Service; referred to herein as "Immigration Service") a document prescribed by statue and regulations as evidence of authorized stay and employment in the United States, knowing that such document was falsely made, all in violation of Title 18, United States Code, Sections 1546(a);

C. In a matter within the jurisdiction of the Immigration Service, an agency of the United States, did knowingly and willfully make materially false, fraudulent and fictitious statements and representations; falsify, conceal, and cover up material facts by trick, scheme, and device; and make and use materially false writings and documents, all in violation of Title 18, United States Code, Section 1001;

D. To conceal, harbor and shield from detection and attempt to conceal, harbor, and shield from detection aliens, knowing and in reckless disregard of the fact that the aliens have come to, entered, and remained in the United States in violation of law, all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii);

E. To knowingly obtain the labor and services of certain aliens by means of the abuse and threatened abuse of law and the legal process, all in violation of Title 18, United States Code, Section 1589(3).

2

**Background**

2.   It is relevant to this Indictment that, during the time alleged in this Indictment:

A. Defendants, JOHANNES DU PREEZ and GIDEON SMITH, had an ownership interest in and operated a business called Newton Granite & Marble, Inc. ("Newton Granite") in the Northern District of Georgia.

B. Defendant, FRANCISKA DU PREEZ, is the wife of JOHANNES DU PREEZ and she worked at Newton Granite in the Northern District of Georgia.

C. Beginning no later than January of 2000, defendant, JEFFREY ESTEP, worked at Newton Granite in the Northern District of Georgia.

D. Defendant, STANLEY FUR, operated a business called Empire International Inc. in the Northern District of Georgia. Through this business, STANLEY FUR provided immigration related services to aliens.

E. "Dimensie Klip Beperk" (a/k/a Dimention Rock, Ltd., referred to herein as "Dimention Rock"), a South African corporation was formed on or about May 18, 1990. This entity was a "shelf company" in that it did not conduct any business, but maintained its identity as a company such that it could be used in the future. In May of 1996, this shelf company was sold to JOHANNES DU PREEZ.

3

F.   The "L-1" visa category relevant to this Indictment is available only to aliens who work for a company with a parent, subsidiary, branch, or affiliate in the United States. These aliens come to the United States as intra-company transferees who are coming temporarily to perform services either in a managerial or executive capacity for a parent, branch, subsidiary, or affiliate of the same employer that employed the professional abroad.   To qualify, the alien-employee must have been employed abroad for the corporation, firm, or other legal entity (or an affiliate or subsidiary thereof) on a full-time basis for at lease one continuous year out of the last three-year period.

G.   The spouse and unmarried children under 21 years of age of an L-1 worker are entitled to United States "L-2" visa status with the same restrictions as related L-1 visa.   For all times prior 2000, an L-2 visa status did not give the holder authorization to be employed in the United States.

### Manner and Means

3.   It was part of the conspiracy that:

A. In or about May of 1996, JOHANNES DU PREEZ purchased Dimention Rock.  This entity was purchased for the purpose of falsely representing to the Immigration Service that it was an operational quarry that sought to transfer certain managerial employees to a subsidiary business entity in the United States and thereby obtain L-1 visa status for the purported transferee.

4

B.   Defendants, JOHANNES DU PREEZ and GIDEON SMITH both applied for and received L-1 visa status in the United States by falsely representing to the Immigration Service that each of them had previously been employed in a managerial capacity in an active quarry operation which was owned and operated by Dimention Rock in South Africa, and further falsely representing that they were being transferred from such managerial position at Dimention Rock to a managerial position at a subsidiary entity called Newton Granite in the United States.

C.   The defendants and their co-conspirators encouraged, and induced many aliens from other countries, most predominantly South Africa, to come to and enter the United States by falsely representing that they intended to visit the United States when the actual reason for such entry was to be employed by Newton Granite.

D.   The defendants and their co-conspirators further encouraged, induced and assisted many such aliens to reside in the United States by providing them employment at Newton Granite.

E.   The defendants and their co-conspirators further encouraged, induced and assisted many such aliens in applying to the Immigration Service for L-1 visa status sponsored by Newton Granite.  These applications were based upon the false representations that: (1) each such alien had previously been

5

actively employed in a management capacity in an active quarry in South Africa owned and operated by Dimention Rock; and (2) that Dimention Rock sought to transfer each such alien so that he or she would be similarly employed in a management capacity by a subsidiary corporation called Newton Granite.

F. The defendants and their co-conspirators harbored many such aliens in residences within the United States by arranging for, and in most cases, directly paying for, apartments leased by Newton Granite, in the name of the alien or in the name of Newton Granite.

G. Spouses and minor children of the aliens who applied for L-1 visa status based upon the false representations outlined above, were encouraged by the defendants to apply for a derivative L-2 visa status.

H. Spouses of the aliens who were not legally eligible to work in the United States were also encouraged and induced to provide labor for Newton Granite for cash payment or for credit against the cost of their rent, furniture, utilities, and visa application, thus concealing their employment.

I. JOHANNES DU PREEZ and FRANCISKA DU PREEZ used abuse and threatened abuse of the immigration and other legal processes to obtain the continued labor and services of certain of the alien workers employed by Newton Granite.

6

**Overt Acts**

4.  In furtherance of the conspiracy, and in order to effect the purpose and objects thereof, the defendants and other co-conspirators not named as defendants herein, committed overt acts in the Northern District of Georgia and elsewhere, including but not limited to the following:

(a)  On or about the dates listed below in Column B, for the purpose of commercial advantage and private financial gain, the defendants, aided and abetted by each other and others known and unknown to the Grand Jury, encouraged and induced the alien described below in Column C, to enter and thereafter reside in the United States by, other actions, providing employment at Newton Granite to such alien, knowing and in reckless disregard of the fact that such entry and residence in the United States was and would be in violation of law:

| Column A | Column B | Column C |
|----------|----------|----------|
| Overt act | Date(s) | Alien – Nationality |
| (a-1) | 2/1997 to 10/1997 | Philip H. – England |
| (a-2) | 5/1997 to 10/1997 | Errol P. – South African |
| (a-3) | 3/1998 to 1999 | Wayne R. – South African |
| (a-4) | 3/1998 to 1999 | Christian R. – South African |

7

(b)   The Grand Jury hereby incorporates by reference as additional overt acts the violations of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i) charged in Counts 2 - 36 of this Indictment.

(c)   On or about the dates listed below in Column B, in the Northern District of Georgia, the defendants, aided and abetted by each other and others known and unknown to the grand jury, did knowingly present to the Immigrations Service the document specified in Column C, which document was required by the immigration laws and regulations prescribed thereunder as evidence of authorized stay and employment in the United States, and which contained material false statements the defendants then and there knew were false, including the false statement specified below in Column D, in violation of law:

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Overt act | Date | Document | Statement |
| (c-1) | 6/12/96 | I-129 Petition for Nonimmigrant Worker (JOHANNES DU PREEZ) | Stating that DU PREEZ was a managing director for Dimention Rock between 5/1992 and the time of the application, an operational quarry in South Africa before being transferred with a proposed employment at Newton Granite. |

8

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Overt act | Date | Document | Statement |
| (c-2) | 6/5/97 | I-129 continuation Petition for Nonimmigrant Worker (JOHANNES DU PREEZ) | Stating that DU PREEZ had worked for Dimention Rock from 5/1992 through 6/1996, an operational quarry in South Africa. |
| (c-3) | 6/1/98 | I-485 Appl to Adjust to Permanent Resident Status- Form G-325A | Biographical Information states that JOHANNES DU PREEZ had worked for Dimension Rock in South Africa from 5/1990 through 6/1996. |
| (c-4) | 11/1/99 | I-485 Appl to Adjust to Permanent Resident Status- Form G-325A | Biographical Information states that GIDEON SMITH had worked for Dimension Rock in South Africa from 8/1992 through 3/1998. |
| (c-5) | 4/1997 | I-129 Petition for Nonimmigrant Worker (Philip H.) by sponsor, Newton Granite | A letter from Newton Granite, which was included with and incorporated by specific reference into the I-129 form, stating that Philip H. was employed by "Dimention Rock, Ltd., a subsidiary of Newton Granite." |

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Overt act | Date | Document | Statement |
| (c-6) | 2/1998 | I-129 Petition for Nonimmigrant Worker (Johan E.) by sponsor, Romerus Imports, Inc. | States that from 1990 to 1998 Johan E. was employed by and was the president of B.B.G. Pty. LTD. which is the 60 % Owner of Romerus Imports and states that Johan E. had worked for Dimention Rock, and that Dimention Rock was the parent company of B.B.G. Pty. LTD. |
| (c-7) | 3/1998 | I-129 Petition for a Non-Immigrant Worker (Wayne R.) | That from 1995 to 1998, Wayne R. was the Field Manager/Coordinator for Dimention Rock in South Africa, before being transferred with a proposed employment at Newton Granite. |
| (c-8) | 3/1998 | I-129 Petition for a Non-Immigrant Worker (Christian R.) | That from 1995 to 1998, Christain R. was the Manager of Fabrication Production and Maintenance for Dimention Rock in South Africa, before being transferred with a proposed employment at Newton Granite. |

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Overt act | Date | Document | Statement |
| (c-9) | 11/99 | I-129 Petition for a Non-Immigrant Worker (Casper P.) | That from 7/1991 to the time of the application Casper P. was the Warehouse and Distribution Manager for Dimention Rock, in South Africa, before being transferred with a proposed employment at Newton Granite. |
| (c-10) | 8/99 | I-129 Petition for a Non-Immigrant Worker (Glen S.) | That from 1/1992 to 1999, Glen S. was an Equipment maintenance technician, then Equipment maintenance Assistant Manager, then Manager for Dimention Rock in South Africa, before being transferred with a proposed employment at Newton Granite. |

(d)   The Grand Jury hereby incorporates by reference as additional overt acts the violations of Title 18, United States Code, Sections 1546 charged in Counts 37 - 50 of this Indictment.

(e) On or about the dates listed below in Column B, in the Northern District of Georgia, the defendants, aided and abetted by each other and others known and unknown to the Grand Jury, in a matter within the jurisdiction of the Immigration Service, an agency of the United States, did

knowingly and willfully make materially false, fraudulent and fictitious statements and representations; falsify, conceal, and cover up material facts by trick, scheme, and device; and make and use materially false writings and documents, including the false statement specified in Column C, in violation of law.

| Column A | Column B | Column C |
|---|---|---|
| Overt act | Date(s) | Statement |
| (e-1) | 4/1997 | Letter to Immigration Service stating that Dimention Rock is a subsidiary of Newton Grantie and that Philip H. had been employed by Dimention Rock |
| (e-2) | 3/1998 | Letter to Immigration Service stating that Dimention Rock is the parent company of Newton Granite and Wayne R. had worked for Dimention Rock from 1995 through 1997. |
| (e-3) | 3/1998 | Letter to Immigration Service stating that Dimention Rock is the parent company of Newton Granite and Christain R. had worked for Dimention Rock from 1995 through 1997. |
| (e-4) | 2/1998 | Lease of property from Lessor, Newton Granite to Lessee, Romerus Imports, sent to Immigration Service in support of the application of Johan E.  Employment record states that Johan E. worked for Dimention Rock from 1987 to "present" and also states that Dimention Rock is the sole owner of B.B.G. Pty Ltd. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Overt act | Date(s) | Statement |
| (e-5) | 10/2001 | Letter provided by JEFF ESTEP to Marisa R. that falsely states that she and her children are planning to visit him in his home.  Such letter to be used by Marisa R. to obtain a visitors visa to come to the United States. |

(f)   The Grand Jury hereby incorporates by reference as additional overt acts the violations of Title 18, United States Code, Sections 1001, charged in Counts 51 - 57 of this Indictment.

(g)   On or about the date listed below in Column B, in the Northern District of Georgia, the defendants, aided and abetted by each other and others known and unknown to the Grand Jury, knowing and in reckless disregard of the fact that the aliens specified below in Column C had come to, entered, and remained in the United States in violation of law, did harbor such aliens, in the residences within the United States specified in Column D, particularly described as follows:

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| | Date(s) | Alien | Residence |
| (g-1) | 6/99 to 3/02 | Christoffel & Anneli B. | Gable Court Apts; 200 Martingale Dr, Ptr City |
| (g-2) | 6/99 to 9/02 | Glen & Tamara S. | Wood Apts; Park Manor Apts |

13

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| | Date(s) | Alien | Residence |
| (g-3) | 3/00 to 4/01 | Johannes & Hettie K | 745 Swanson Road, Palmetto Gable Courts Apts; Brighton Farms Apts |
| (g-4) | 3/00 to 10/02 | Maurius & Cindy M. | 745 Swanson Road, Palmetto; Gables Courts Apts; Brighton Farms Apts; Park Manor Apts |
| (g-5) | 7/01 to 6/02 | Andre & Renita L. | Lakeside Apts |
| (g-6) | 10/01 to 6/02 | Riaan & Melissa K. | 745 Swanson Road, Palmetto; Lakeside Apts; Park Manor Apts |
| (g-7) | 3/99 | Hendrick T. | 745 Swanson Road, Palmetto |
| (g-8) | 4/99 to 6/00 | Hendrick & Elisabeth T. | 221 Hilltop Dr., Ptr City |
| (g-9) | 4/01 to 5/02 | William & Vanessa S. | Lakeside Apartments |
| (g-10) | 3/00 to 3/02 | Johan E. & Heidie B. | Lakeside Apartments |
| (g-11) | 7/2001 to 11/01 | Jan & Dorothy K. | 745 Swanson Road, Palmetto; Rental House- Peachtree City |
| (g-12) | 8/01 to 8/02 | Nico V. Jacobus F. Louis K. & Hendrik G. | Lakeside Apartments |
| (g-13) | 8/01 to 2/02 | Declan & Kristie W. | Park Manor Apartments |

(h) Within the time period specified below in Column B, JOHANNE DU PREEZ and FRANCISKA DU PREEZ obtained the labor and services of the aliens specified in Column C by means of the abuse and threatened abuse of law and the legal process,

14

including the threat of bringing such alien's presence in the United States to the attention of the Immigration Service who would deport them, more particularly described as follows:

| Column A<br>Overt Act | Column B<br>Time period | Column C<br>Alien |
|---|---|---|
| (h-1) | 9/99 to 3/02 | Christoffel B. |
| (h-2) | 3/00 to 3/02 | Declan W. |
| (h-3) | 8/01 to 2/02 | Kirstie W. |
| (h-4) | 3/00 to 6/01 | Johannes K. |
| (h-5) | 5/01 to 3/02 | Andries L. |
| (h-6) | 3/00 to 4/02 | Cynthia M. |
| (h-7) | 8/01 to 8/02 | Marisa & Sarel R. |
| (h-8) | 1/99 to 9/02 | Glen S. |

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-36
(8 U.S.C. § 1324(a)(1)(A)(iv), (A)(v)(II), (B)(i))

On or about the dates listed below in Column B, in the Northern District of Georgia, the defendants, JOHANNES DU PREEZ, FRANCISKA DU PREEZ, JEFFREY ESTEP, STANLEY FUR, and GIDEON SMITH aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of commercial advantage and private financial gain, encouraged and induced the alien described below in Column C, to reside in the United States by, other actions, providing employment at Newton Granite, knowing and in reckless disregard of the fact that such residence in the United States was

15

and would be in violation of Title 8, United States Code, Sections

1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i):

| Column A | Column B | Column C | |
|----------|----------|----------|--|
| Count | Date(s) | Alien - | Nationality |
| 2 | June 1998 to May 2003 | Johan E. - | South African |
| 3 | March 1999 to June 2000 | Hendrick T. - | South African |
| 4 | March 1999 to June 2000 | Elizabeth T. - | South African |
| 5 | 6/1999 to 2/2001 and 7/2001 to 9/2002 | Glen S. - | South African |
| 6 | 6/1999 to 2/2001 and 7/2001 to 9/2002 | Tamara S. - | South African |
| 7 | September 1999 to March 2002 | Christoffel B. | South African |
| 8 | September 1999 to March 2002 | Anneli B.- | South African |
| 9 | November 1999 to March 2000 | Casper P. - | South African |
| 10 | November 1999 to March 2000 | Dorathea P. - | South African |
| 11 | December 1999 to present | Heidie B. - | South African |
| 12 | March 2000 to August 2001 | Johannes K. - | South African |
| 13 | March 2000 to August 2001 | Hettie K. - | South African |
| 14 | March 2000 to April 2002 | Marius M. - | South African |
| 15 | March 2000 to April 2002 | Cynthia M. - | South African |

| Column A | Column B | Column C | |
|----------|----------|----------|---|
| Count | Date(s) | Alien – | Nationality |
| 16 | March 2000 to March 2002 | Declan W.– | Zimbabwe |
| 17 | March 2000 to March 2002 | Kirstie W.– | Zimbabwe |
| 18 | December 2000 to September 2003 | Gert R. – | South African |
| 19 | October 2000 to May 2004 | Jan V.   – | South African |
| 20 | April 2001 to November 2001 | Riaan K. – | South African |
| 21 | April 2001 to September 2003 | Melissa K. – | South African |
| 22 | July 2001 to November 2001 | Jan K.– | South African |
| 23 | July 2001 to November 2001 | Dorothy K.– | South African |
| 24 | May 2001 to March 2002 | Gerrida L. – | South African |
| 25 | May 2001 to March 2002 | Andries L. – | South African |
| 26 | August 2001 to August 2002 | Sarel R.   – | South African |
| 27 | November 2001 to August 2002 | Marisa R. – | South African |
| 28 | August 2001 to March 2002 | Louis K.   – | South African |
| 29 | August 2001 to present | William S. – | South African |
| 30 | August 2001 to present | Vanessa S. – | South African |
| 31 | August 2001 to May 2002 | Jacobus F. – | South African |
| 32 | August 2001 to present | Hendrik G. – | South African |

| Column A | Column B | Column C | |
|----------|----------|----------|----------|
| Count | Date(s) | Alien – | Nationality |
| 32 | August 2001 to present | Hendrik G. – | South African |
| 33 | August 2001 to April 2004 | Nico V. – | South African |
| 34 | June 2001 to September 2002 | Clara V.  – | South African |
| 35 | August 2001 to December 2001 | Guy Q. – | South African |
| 36 | August 2001 to December 2001 | Amanda Q. – | South African |

## COUNTS 37 - 50
(18 U.S.C. §§ 1546(a), 2)

1.   On or about the dates listed below in Column B, in the Northern District of Georgia, the defendants, JOHANNES DU PREEZ, FRANCISKA DU PREEZ, JEFFREY ESTEP, STANLEY FUR, and GIDEON SMITH aided and abetted by each other and others known and unknown to the Grand Jury, knowingly presented to the Immigrations Service the document specified in Column C, which document was prescribed by statue and regulations as evidence of authorized stay and employment in the United States, knowing that such document was falsely made, in that it included the false statement specified below in Column D, in violation of Title 18, United States Code, Sections 1546(a) and 2:

18

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False statement |
| 37 | 1/00 | I-129 Petition for a Non-Immigrant Worker (Heidi B) | That from 6/1997 to the time of applicaiton, Heidi B. was the National and International Purchasing and Distribution Manager for Dimention Rock, in South Africa before being transferred with a proposed employment at Newton Granite. |
| 38 | 4/00 | I-485 Appl to Adjust to Permanent Resident Status- Form G-325A | Within the Biographical Information supplied, it was stated that Johan E. - Worked for B.B.G.  Pty. LTD.(which was represented in a prior form I-129 to be the subsidiary of Dimention Rock) in South Africa. |
| 39 | 8/00 | I-485 Appl to Adjust to Permanent Resident Status- Form G-325A | Within the Biographical Information supplied, it was stated that Heidi B. worked as a manager for Dimention Rock from 6/97 to 4/2000. |
| 40 | 4/01 | I-485 Appl to Adjust to Permanent Resident Status- Form G-325A | Within the Biographical Information supplied, it was stated that Christoffel B. Worked as a manager for Dimention Rock from 1991 to 1999. |
| 41 | 5/01 | I-129 Petition for a Non-Immigrant Worker (Declan W.) | That from 1993 to 2001, Declan W. was the Director of Operations, for Tacoma Investments, Limited, and the employer abroad was Dimention Rock. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False statement |
| 42 | 3/01 | I-129 Petition for a Non-Immigrant Worker (Gert R.) | That from 5/1999 to March of 2001, Gert R. was the Finance Manager for Dimention Rock in South Africa, before being transferred with a proposed employment at Newton Granite. |
| 43 | 8/01 | I-129 Petition for a Non-Immigrant Worker (Jan K.) | That from 1997 to 2001, Jan K. was the Operations Manager for Dimention Rock, in South Africa before being transferred with a proposed employment at Newton Granite. |
| 44 | | I-485 Appl to Adjust to Permanent Resident Status- Form G-325A (Glen S.) | Within the Biographical Information supplied, it was stated that Glen S. worked for Dimention Rock in South Africa from 1/1992 to 5/2000. |
| 45 | 11/01 | I-129 Petition for a Non-Immigrant Worker (Melissa K.) | That from 1999 to 8/2001, Melissa K. was the Finance and Administration Manager for Dimention Rock, in South Africa, before being transferred with a proposed employment at Newton Granite. |
| 46 | 12/01 | I-129 Petition for a Non-Immigrant Worker (Marisa R.) | That from 1997 to 2001, Marisa R. was the Sales Manager for Dimention Rock in South Africa, before being transferred with a proposed employment at Newton Granite. |
| 47 | 11/01 | I-129 Petition for a Non-Immigrant Worker (Louis K.) | That from 8/1998 to the time of the application, Louis K. was the Granite Mining Manager for Dimention Rock, in South Africa, before being transferred with a proposed employment at Newton Granite. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False statement |
| 48 | 11/01 | I-129 Petition for a Non-Immigrant Worker (William S.) | That from 2/1999 to the time of the application, William S. was the Materials Installation Manager for Dimention Rock, in South Africa, before being transferred with a proposed employment at Newton Granite. |
| 49 | 10/01 | I-129 Petition for a Non-Immigrant Worker (Jacobus F.) | That from 6/1995 to 2001, Jacobus F. was the Equipment Installation Manager for Dimention Rock, in South Africa before being transferred with a proposed employment at Newton Granite. |
| 50 | 11/01 | I-129 Petition for a Non-Immigrant Worker (Hendrik G.) | That from 6/1996 to 4/2000, Hendrik G. was the Equipment Maintenance Manager 2001, for Dimention Rock, in South Africa before being transferred with a proposed employment at Newton Granite. |

## COUNTS 51 - 57
(18 U.S.C. §§ 1001, 2)

On or about the dates listed below in Column B, in the Northern District of Georgia, the defendants, JOHANNES DU PREEZ, FRANCISKA DU PREEZ, JEFFREY ESTEP, STANLEY FUR, and GIDEON SMITH aided and abetted by each other and others known and unknown to the Grand Jury, in a matter within the jurisdiction of the Immigration Service, an agency of the United States, did knowingly and willfully make materially false, fraudulent and fictitious statements and representations; falsify, conceal, and cover up

21

material facts by trick, scheme, and device; and make and use materially false writings and documents, including the false statement specified in Column C:

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False statement |
| 51 | 1/2000 | False Organizational chart and financial statements for Dimention Rock as part of the petition of Heidi B. |
| 52 | 6/2000 | Letter submitted to the Immigration Service stating that Christoffel B. was employed by Dimention Rock as an "Operations Manager." |
| 53 | 2/2001 | False Organizational chart of Dimention Rock submitted to the Immigration Service as a part of the petition of Gert. R. |
| 54 | 5/2001 | Lease of property from Lessor, Newton Granite to Lessee, Tacoma International, sent to Immigration Service in support of the application of Declan W. |
| 55 | 11/2001 | False Organizational chart of Dimention Rock submitted to the Immigration Service as a part of the petition of Melissa K. |
| 56 | 9/2001 | False letter from Newton Granite and false Organizational chart of Dimention Rock submitted to the Immigration Service as a part of the petition of Jan K. |
| 57 | 11/2001 | False letter from Newton Granite and false Organizational chart of Dimention Rock submitted to the Immigration Service as a part of the petition of Nico V. |

All in violation of Title 18, United States Code, Sections 1001 and 2.

22

## COUNTS 58 - 122
(18 U.S.C. §§ 1546, 2)

On or about the dates listed below in Column B, in the Northern District of Georgia, defendant, STANLEY FUR aided and abetted by others known and unknown to the Grand Jury, did knowingly present to the Immigrations Service a document required by the immigration laws and regulations prescribed thereunder, as evidence of authorized stay and employment in the United States, which the defendant then and there knew was falsely made, in that it included the false statement specified below in Column D:

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Count | Date | Document | False Statement |
| 58 | 10/03 | I-140 Immigrant Petition for alien worker (Mark L.) | States that Mark L. had an established business operation called Tamark International, Inc., d/b/a Parts Pullers, which employed 7 persons, had a gross annual income of $448,577, and had a foreign parent company. |
| 59 | 7/99 | I-129 Petition for Non-immigrant Worker (Jakobus V.) | States that from 1992 to 1999, Jakobus V., had been employed by "Van Der Linde Klopper Incorporated," which was an operating business with approximately 55 employees. |

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Count | Date | Document | False Statement |
| 60 | 10/00 | I-129 Petition for Non-immigrant Worker (Mark R.) | States that Mark R. was employed by Customtone Kitchens as the operations manager since 1998 and that Kiwi Construction is a U.S. subsidiary of Customtone Kitchens.  False supporting documentation, including: a resume for Mark R.; letterhead for Kiwi Construction; commercial lease for Kiwi Construction; financial projections for Kiwi; organizational chart for Customtone Kitchens. |
| 61 | 10/00 | I-485 Application to Register Permanent Residence or Adjust Status (Gary G) | This continuation of the false initial I-129 filed 4/98, false I-129 filed 6/99, false I-140 filed 10/99, and false response to a Request for Evidence ("RFE") filed 2/7/00, contains two forged employment verification letters. |
| 62 | 8/01 | I-129 Petition for Non-immigrant Worker (Bruce S.) | False supporting documentation, including: organizational chart for the Famous Fish Company Limited; projected profitability statement for the Famous Fish Co., Inc.; and letterhead for the Famous Fish Co. |
| 63 | 9/00 | I-485 Application to Register Permanent Residence or Adjust Status (Ivan M.) | This continuation of the false initial I-129 filed 7/99, false I-140 filed 10/99, and false RFE filed 12/99, states that Ivan M. was residing at 6025 Sandy Springs Circle and had worked at Roxi Enterprises since July 1996 at 135 Mt. Vernon Highway.  False supporting documentation, including: employment verification letter on false company letterhead. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 64 | 3/01 | I-129 Petition for Non-immigrant Worker (Ulrich P.) | This continuation of the false I-129 filed 4/00, states that Ulrich P. had been previously employed as an executive at Westgate Electronics and established a subsidiary, Westgate International Inc., in the U.S.  Stated that Ulrich P. was the Operation Manager and the U.S. company was 100% owned by the South African company.  False supporting documentation, including: company letterhead; company support letter; company organization charts; financial statements; and commercial lease. |
| 65 | 7/01 | RFE response (Ulrich P.) | States that Ulrich R. reports to the Managing President and Board of Directors of Westgate Electronics (Pty) Ltd; falsified duties and responsibilities of Ulrich P. and the other employees.  False supporting documentation, including: company organization chart; U.S. Form 941 tax return; and Department of Labor Quarterly Reports. |
| 66 | 9/01 | I-140 Immigrant Petition for Alien Worker (Ulrich P.) | States Ulrich P. was a multinational executive, U.S. company earned gross income of $320,842 and net income of $32,842.  False supporting documentation, including: company letterhead; company support letter; company organization chart; financial statements; company tax return; and commercial lease. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 67 | 7/02 | I-485 Application to Register Permanent Residence or Adjust Status (Ulrich P.) | States Ulrich P. was employed by Westgate Electronics in South Africa from 4/97 to 4/00 as Operations Foreman and Operations Manager. |
| 68 | 7/01 | I-129 Petition for Non-immigrant Worker (David G.) | States that David G. was employed by Infanta Foods Swaziland from 1998 to July 2001 as the Sales and Marketing Manager.  False supporting documentation, including: organization chart; projected profitability statement; letterhead; company support letter; and commercial lease. |
| 69 | 8/02 | I-129 Petition for Non-immigrant Worker (David G.) | States the U.S. company had 10 employees, gross income of $218,532, and net income of $52,258, David G. worked for the South African company from 1998 to August 2001 as the Sales and Marketing Manager.  False supporting documentation, including: company letterhead; company support letter; financial statements; company organization chart; commercial lease; business payroll records; and business invoices. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 70 | 11/02 | I-140 Immigrant Petition for Alien Worker (David G.) | States that Infanta Foods USA, Inc. is operating as La Med Mediterranean Restaurant and as Tiara Designer Jewelry, that David G. is a multinational executive or manager of a U.S. company that employs 10 people, has gross income of $218,532, and net income of $52,258, that David G. has been employed by Infanta Foods USA, Inc. from August 2001 as the Vice President.  False supporting documentation, including: company letterhead; organization chart; financial statements; commercial lease; corporate tax return; employment verification letter; company payroll records; and business invoices. |
| 71 | 10/03 | RFE response (David G.) | States that David G. served as Sales and Marketing Manager at the foreign company and served as Vice-President for the U.S. company. |
| 72 | 11/02 | I-485 Application to Register Permanent Residence or Adjust Status (David G.) | States that David G. was employed by a foreign company from 2/98 to 8/01 as sales and marketing manager and for the U.S. company from 8/01 as Vice President. False supporting documentation, including: employment verification letter on false letter head. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 73 | 9/00 | RFE response (Mark M.) | This continuation of a false initial I-129 filed 11/98, a false I-129 filed 12/99, a false RFE filed 3/00, and a false I-140 filed 4/00, states that Mark M. is employed by the U.S. company as Investment/Finance Manager and is also the Vice President, and that Mark M. reports to the Elpar Distributors Board of Directors. False supporting documentation, including: organization chart; employee duties and responsibilities; invoices; certificate of deposit record; bank statements; payroll employee roster; Form 941 tax returns; Department of Labor quarterly returns; phone bills and W-2 forms. |
| 74 | 8/01 | I-485 Application to Register Permanent Residence or Adjust Status (Mark M.) | States that Mark M. resides at 4435 Dunmore Road from 1/01 through 8/01.  States Mark M. was employed by Elpar Distributors as Investment/Finance Manager from 1/94 through 11/98, and with Samarda as Investment/Finance Manager from 11/98 through 8/01. False supporting documentation, including: a false employment verification letter on false company letterhead. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 75 | 7/00 | I-129 Petition for Non-immigrant worker (Robert M.) | This continuation of a false initial I-129 filed 7/99, states that Springbok Construction is a subsidiary corporation of C. Mark Property Brokers and Auctioneers CC and has employed Robert M. as operations manager since 1993. False supporting documentation, including: company letterhead; financial statement; commercial lease; stock certificate. |
| 76 | 10/00 | RFE response (Robert M.) | States that Robert M. is employed as the Operations Manager and reports directly to the Director of Operations of C. Robert Property Brokers and Auctioneers CC. False supporting documentation, including: organization chart; list of duties and responsibilities of employees. |
| 77 | 12/00 | I-140 Immigrant Petition for Alien Worker (Robert M.) | States that Springbok Construction is a subsidiary corporation of C. Mark Property Brokers and Auctioneers CC and has employed Robert M. as Operations Manager since 1993. False supporting documentation, including: company support letter; stock certificate; and commercial lease. |
| 78 | 4/02 | I-485 Application to Register Permanent Residence or Adjust Status (Robert M.) | States that Robert M. was employed by C. Mark Property Brokers as operations manager from 3/93 to 7/99. False supporting documentation, including: false employment verification letter. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 79 | 03/01 | I-129 Petition for Non-immigrant Worker (Wayne W.) | This continuation of a false initial I-129 filed 3/00, states that Wayne W. was employed by Victory Motor Spares since Jan 1994 and served as Sales Manager. Stated that Woodmead International, Inc. employs approximately 7 people and has gross annual income of $358,791. False supporting documentation, including: company support letter; false letterhead; false business address; stock certificate; employee list; financial statements; Resolution of the Board; and commercial lease. |
| 80 | 08/01 | I-140 Immigrant Petition for Alien Worker (Wayne W.) | States that Wayne W. has been employed by Woodmead International, Inc. since 2000 as Sales Manager, that Woodmead International, Inc. employs approximately 7 people and has gross annual income of $358,791. False supporting documentation, including: company support letter; letterhead; stock certificate; employee list; financial statements; Resolution of the Board; and commercial lease. |
| 81 | 03/03 | I-485 Application to Register Permanent Residence or Adjust Status (Wayne W.) | States that Wayne W. has been employed by U.S. company since 4/00 as Sales Manager and at the foreign company from 5/98 to 4/00 as Sales Manager. False supporting documentation, including: employment verification letter. |

.

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 82 | 03/01 | I-129 Petition for Non-immigrant Worker (Donna A.) | This continuation of a false initial I-129 filed on 3/00, states that Donna A. was employed by Victory Motor Spares since Jan 1994 and served as Finance Manager, and that Woodmead International, Inc. employs approximately 7 people and has gross annual income of $358,791. False supporting documentation, including: company support letter; false letterhead; stock certificate; employee list; financial statements; Resolution of the Board; and commercial lease. |
| 83 | 3/03 | I-485 Application to Register Permanent residence or Adjust Status (Donna A.) | States that Donna A. worked for the U.S. company from 4/00 to 3/03 as Finance Manager and for the foreign company from 9/97 to 4/00 as Finance Manager. |
| 84 | 2/03 | I-129 Petition for Non-immigrant Worker (Lolita A.) | States that Lolita A. was employed by Victory Motor Spares from 3/00 as the Operations Manager, that Victory Motor Spares operates a U.S. subsidiary company, Woodmead International Inc., and falsified number of employees and income. False supporting documentation, including: company support letter; stock certificate; Resolution of the Board; list of employee duties and responsibilities; financial statements; employee list; and commercial lease. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 85 | 7/03 | RFE response (Lolita A.) | States that Lolita A. was Operations Manager for Woodmead International Inc. and reports to the Directors of Victory Motor Spares, that Lolita A. is in charge of 20 employees at Woodmead, and falsifies duties and responsibilities of Lolita A and other employees. False supporting documentation, including: organization chart; Federal Form 941; Department of Labor quarterly returns; and payroll records. |
| 86 | 5/04 | I-129 Petition for Non-immigrant Worker (Johannes C.) | States that Johannes C. has been employed at the parent company since 2000, overstated the financial data of the parent company, stated that initial investment in Cussons Holdings Inc. would be $4 million, that employees would total eight to sixteen full time and numerous part time employees. False supporting documentation, including: commercial lease and projected profitability statement. |
| 87 | 05/04 | I-129 Petition for Non-immigrant Worker (William C.) | States that initial investment in Cussons Holdings Inc. would be $4 million, overstates the financial data of the parent company, state that employees would total eight to sixteen full time and numerous part time employees. False supporting documentation, including: commercial lease and projected profitability statement. |

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Count | Date | Document | False Statement |
| 88 | 5/04 | I-129 Petition for a Non-immigrant Worker (Ian H.) | States that Ian H. has been employed at the foreign parent company since 1/02 and overstated the financial data of the parent company, information that initial investment in Cussons Holdings Inc. would be $4 million, that employees would total eight to sixteen full time and numerous part time employees.  False supporting documentation, including: commercial lease and projected profitability statement. |
| 89 | 06/04 | I-129 Petition for a Non-immigrant Worker (Bernard C.) | States that Bernard C. was employed as the Vice President of Operations for Waterval Granite Works CC, that Bernard C. was previously employed as a partner with BJB Building Construction, and that Bernard C. obtained a diploma in business management. False supporting documentation, including: company support letter; letterhead; commercial lease; organization chart; and projected income statement. |
| 90 | 07/00 | I-129 Petition for a Non-immigrant Worker (Sarel B.) | States that Sarel B. was employed with E. Lemmer & Associates CC as a Manager in the real estate and commodities consulting division from 11/96 to 9/00.  False supporting documentation, including: organization chart; commercial lease; company support letter; letterhead; and list of Sarel B.'s job title, duties, and responsibilities at E. Lemmer and at Canterbury International. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 91 | 07/01 | I-129 Petition for a Non-immigrant Worker (Sarel B.) | States that Sarel B. was employed with E. Lemmer & Associates CC from 11/96 to 9/00 as a manager in the real estate and commodities consulting division. False supporting documentation, including: company support letter; organization charts; employee list; company letter head; commercial lease; business address; and list of Sarel B.'s job title, duties, and responsibilities. |
| 92 | 1/02 | I-140 Immigration Petition for Alien Worker (Sarel B.) | States that Sarel B. was employed as a multinational executive or manager with the title of joint vice-president responsible for the real estate and commodities consulting division. False supporting documentation, including: organization charts; commercial lease; employment verification letter; and company support letter. |
| 93 | 6/02 | I-485 Application to Register Permanent Residence or Adjust Status (Sarel B.) | States that Sarel B. was employed as a Manager in the real estate and commodities consulting division from 11/96 to 9/00. False supporting documentation, including: false employment verification letter. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 94 | 06/02 | I-129 Petition for a Non-immigrant Worker (Alan K.) | States that Alan K. worked for Krost Shelving CC from 1994 until 2002 as a Corporate Director and as a Worldwide Sales Manager, responsible for opening an Israeli affiliate. False supporting documentation, including: company letterhead; company support letter; commercial lease agreement; profitability projections; personal resume with job title, duties, and responsibilities. Also falsely stated that Alan K. had been employed on a full-time continuous basis in an executive capacity with the foreign company. |
| 95 | 7/03 | I-129 Petition for a Non-immigrant Worker (Alan K.) | States that Alan K. worked for Krost Shelving CC from 1994 until 7/03 as a Corporate Director and as a Worldwide Sales Manager responsible for opening an Israeli affiliate. Stated false income for the U.S. company. False supporting documentation, including: company support letter; financial statements; tax returns. |
| 96 | 9/03 | RFE response (Alan K.) | States duties and responsibilities of Alan K. as President. False supporting documentation, including: organization chart and tax return. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 97 | 12/03 | I-140 Immigrant Petiton for Alien Worker (Alan K.) | States that U.S. company earned $547,194 gross income and $284,479 in net income. False supporting documentation, including: company letterhead; company organization chart; company support letter; financial statements; tax returns; and misstated work history. |
| 98 | 12/03 | I-485 Application to Register Permanent Residence or Adjust Status (Alan K.) | States that Alan K. was employed by Krost Shelving CC from 1995 to 2002.  False supporting documentation, including: employment verification letter on modified letterhead. |
| 99 | 1/01 | I-129 Petition for a Non-immigrant Worker (Etnel M.) | This continuation of a false initial I-129 filed on 12/99 states that M.E.G. International employs 10 employees and earns gross annual income of $378,674 and net annual income of $23,722. False supporting documentation, including: company support letter; financial statements; commercial lease agreement; organization chart; and list of employees. |
| 100 | 07/01 | I-140 Immigrant Petition for Alien Worker (Etnel M.) | States that M.E.G. International employs 10 employees, earns gross annual income of $378,674 and net annual income of $23,722, and imports/exports goods.  False supporting documentation, including: company support letter; financial statements; commercial lease agreement; organization chart; and list of employees. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 101 | 08/00 | I-129 Petition for a Non-immigrant Worker (Jakobus V.) | This continuation of a false initial I-129 filed on 7/99, states that Jakobus V. was previously in charge of 55 employees at the foreign parent company and U.S. company had gross income of $652,305 and net income of $99,903. False supporting documentation, including: company support letter stating that the parent company continued to operate with 56 employees and has annual gross revenue of $4.5 million and net revenue of $660,000; organization chart; and financial statements. |
| 102 | 01/01 | I-140 Immigrant Petition for Alien Worker (Jakobus V.) | States that Jakobus V. was a multinational executive or manager and the U.S. company earned gross income of $652,305 and net income of $99,903.  False supporting documentation, including: company support letter; organization chart; and financial statements. |
| 103 | 4/01 | I-129 Petition for Non-immigrant Worker (Rodney C.) | This continuation of a false initial I-129 filed 3/00 states that Rodney C. was employed as sales/procurement manager since 7/93 with the foreign company and that Springbok Construction earned gross income of $523,416 and net income of $34,998. States that Nicolette Grant, Director of Operations, was filing the petition on behalf of Rodney C.   False supporting documentation, including: company support letter; stock certificate; commercial lease; tax returns; and financial statements. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 104 | 07/01 | I-140 Immigrant Petition for Alien Worker (Rodney C.) | States that Rodney C. was a multinational executive or manager of Springbok Construction.  Stated that U.S. company had gross income of $523,416 and net income of $34,998.  False supporting documentation, including: a company support letter stating that Springbok was a subsidiary of C. Mark Property Brokers and Auctioneers CC and that Rodney C. was employed from 1993 with the parent company as Sales Manager; stock certificate; employee list; commercial lease; tax returns; and financial statements. |
| 105 | 7/02 | I-485 Application to Register Permanent Residence or Adjust Status (Rodney C.) | States that Rodney C. was employed by C. Mark Property Brokers from 7/93 to 4/00 as Sales Manager. |
| 106 | 1/01 | I-129 Petition for a Non-immigrant Worker (Ronnie K.) | States that Ronnie K. served as the Sales and Marketing Manager from February 1998 to January 2001, and Ronnie K. oversees the day-to-day sales and marketing operation, personnel recruitment and the hiring/firing/training of employees.  False supporting documentation, including: company support letter and organization chart. |

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Count | Date | Document | False Statement |
| 107 | 10/03 | I-129 Petition for a Non-immigrant Worker (Ronnie K.) | States that Ronnie K. had served as the Sales and Marketing Manager from February 1998 to February 2001.  False supporting documentation, including:company support letter. |
| 108 | 3/01 | I-129 Petition for a Non-immigrant Worker (Dean C.) | This continuation of a false initial I-129 filed on 4/00, states that Dean C. was employed as Sales Manager from April 1997 to May 2000 for Westgate Electronics (Pty) Ltd. and falsified gross and net income for Westgate International Inc. False supporting documentation, including: company support letter; company letterhead; organization chart; commercial lease; and financial statements. |
| 109 | 7/01 | RFE response (Dean C.) | States that Dean C. reports directly to the Managing Director of the parent company and the Board of Directors and falsified the duties and responsibilities of Dean C. and other employees. False supporting documentation, including: organization chart; Federal Form 941; and Department of Labor quarterly returns. |
| 110 | 1/02 | I-140 Immigrant Petition for Alien Worker (Dean C.) | States that Dean C. is a multinational executive or manager with Westgate International Inc. and overstated gross and net income.  False supporting documentation, including: company support letter; organization charts; financial statements; Federal Form 941; Department of Labor quarterly returns; and commercial lease. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 111 | 1/03 | I-485 Application to Register Permanent Residence or Adjust Status (Dean C.) | States that Dean C. was employed as Sales Manager with Westgate Electronics (Pty) Ltd. From 4/97 to 5/00.  False supporting documentation, including: two false employment verification letters. |
| 112 | 1/01 | I-129 Petition for a Non-immigrant Worker (Jerko P.) | States that Jerko P. was founding a new company in the U.S. and would plan, organize, and direct all business functions.  False supporting documentation, including: company support letter; company letterhead; projected profitability statement; and a commercial lease. |
| 113 | 3/02 | I-129 Petition for a Non-immigrant Worker (Jerko P.) | States that Jerko P. was Managing Director of the U.S. company and falsified number of employees and gross and net income.  False supporting documentation, including: company support letter; company letterhead; financial statements; employee list; organization chart; and commercial lease. |
| 114 | 8/02 | RFE (Jerko P.) | States that Hurleyvale Enterprises Inc. has full time employees.  Included false organization chart and employee duties and responsibilities of Jerko P. and other personnel. False supporting documentation, including: Federal Form 1099; payroll checks; Federal Form 941; and Department of Labor quarterly returns. |

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 115 | 10/02 | I-140 Immigrant Petition for Alien Worker (Jerko P.) | States that Jerko P. is a multinational executive or manager and falsified gross and net income amounts. False supporting documentation, including: company support letter; company letterhead; financial statements; organization chart; Federal Form 1099; payroll checks; Federal Form 941; Department of Labor quarterly returns; and commercial lease. |
| 116 | 5/04 | I-129 Petition for a Non-immigrant Worker (Jerko P.) | States that Jerko P. is President of the U.S. company from 3/02 to 5/04 and falsified number of employees and gross and net income. False supporting documentation, including: company support letter; company letterhead; financial statements; and organization chart. |
| 117 | 8/00 | I-129 Petition for a Non-immigrant Worker (Desmond A.) | This continuation of a false initial I-129 filed on July 1999, states that Desmond A. served as the Managing Director of the U.S. company and falsified the number of employees and gross and net income and that Desmond A. was in charge of 39 employees in South Africa. False supporting documentation, including: company support letter; financial statements for the U.S. and South African company; commercial lease; and organization chart. |

41

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| Count | Date | Document | False Statement |
| 118 | 12/00 | I-140 Immigrant Petition for Alien Worker (Desmond A.) | States that Desmond A. is a multinational executive for manager, serves as Managing Director for Rhodesfield International Inc., and falsifies the number of employees and gross and net income. |
| 119 | 8/00 | I-129 Petition for a Non-immigrant Worker (Kyle A.) | This continuation of a false initial I-129 filed on 7/99, states that Kyle A. is Director of Operation for the U.S. company and falsifies number of employees and gross and net income for the U.S. company and states that Kyle A. was employed by the South African company from 1990 until November 1999 as the Director of Operations and was in charge of 21 employees. False supporting documentation, including: company support letter; financial statements for the U.S. and South African company; commercial lease; and organization chart. |
| 120 | 10/00 | I-140 Immigration Petition for Alien Worker (Kyle A.) | States that Kyle A. is a multinational executive or manager and serves as Director of Operations and number of employees and gross and net income. False supporting documentation, including: company support letter; employee list; financial statements for the U.S. and South African company; commercial lease; and organization chart. |

| Column A | Column B | Column C | Column D |
|----------|----------|----------|----------|
| Count | Date | Document | False Statement |
| 121 | 7/01 | RFE response (Kyle A.) | States that Kyle A. manages 7 full time and 9 part time employees, is the Director of Operations (Vice-President), and reports directly to the President of the U.S. company. Falsifies duties and responsibilities of Kyle A. and other employees. False supporting documentation including: organization chart; Federal Form W-2; bank statements; and utility bills. |
| 122 | 12/01 | I-485 Application to Register Permanent Residence or Adjust Status (Kyle A.) | States that Kyle A. worked for the South African company from February 1990 until November 1999. False supporting documentation, including: employment verification letter. |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNTS 123 - 186
(18 U.S.C. §§ 1001, 2)

On or about the dates listed below in Column B, in the Northern District of Georgia, in a matter within the jurisdiction of the executive branch of the United States Government, to wit, the Immigration Service, the defendant, STANLEY FUR, knowingly and willfully made and used a materially false, fictitious and fraudulent statement and representation, in that the defendant, made the false statement specified below in Column C, which the defendant then and there knew was false:

43

| Column A | Column B | Column C |
|---|---|---|
| Count | Date | False Statement |
| 123 | 10/03 | As part of Mark L's I-140 Petition, states that Mark L. had an established business operation called Tamark International, Inc., d/b/a Parts Pullers, which employed 7 persons, had a gross annual income of $448,577, and had a foreign parent company. |
| 124 | 10/00 | As part of Mark R's I-129 Petition, states that Mark R. was employed by Customtone Kitchens as the operations manager since 1998 and that Kiwi Construction is a U.S. subsidiary of Customtone Kitchens.  False supporting documentation, including: a resume for Mark R.; letterhead for Kiwi Construction; commercial lease for Kiwi Construction; financial projections for Kiwi; organizational chart for Customtone Kitchens. |
| 125 | 10/00 | As part of Gary G's I-485 Application, submits two forged employment verification letters. |
| 126 | 8/01 | As part of Bruce S's I-129 Petition, submits false supporting documentation, including: organizational chart for the Famous Fish Company Limited; projected profitability statement for the Famous Fish Co., Inc.; and letterhead for the Famous Fish Co. |
| 127 | 9/00 | As part of This continuation of the false Ivan M's I-485 Application, states that Ivan M. was residing at 6025 Sandy Springs Circle and had worked at Roxi Enterprises since July 1996 at 135 Mt. Vernon Highway. False supporting documentation, including: employment verification letter on false company letterhead. |

| Column A | Column B | Column C |
|---|---|---|
| Count | Date | False Statement |
| 128 | 3/01 | As part of Ulrich P's I-129 Petition, states that Ulrich P. had been previously employed as an executive at Westgate Electronics and established a subsidiary, Westgate International Inc., in the U.S. Stated that Ulrich P. was the Operation Manager and the U.S. company was 100% owned by the South African company.  False supporting documentation, including: company letterhead; company support letter; company organization charts; financial statements; and commercial lease. |
| 129 | 7/01 | As part of Ulrich P's REF response, states that Ulrich R. reports to the Managing President and Board of Directors of Westgate Electronics (Pty) Ltd; falsified duties and responsibilities of Ulrich P. and the other employees.  False supporting documentation, including: company organization chart; U.S. Form 941 tax return; and Department of Labor Quarterly Reports. |
| 130 | 9/01 | As part of Ulrich P's I-140 Petition, states Ulrich P. was a multinational executive, U.S. company earned gross income of $320,842 and net income of $32,842.  False supporting documentation, including: company letterhead; company support letter; company organization chart; financial statements; company tax return; and commercial lease. |
| 131 | 7/02 | As part of Ulrich P's I-485 Application, states Ulrich P. was employed by Westgate Electronics in South Africa from 4/97 to 4/00 as Operations Foreman and Operations Manager. |

| Column A | Column B | Column C |
|---|---|---|
| Count | Date | False Statement |
| 132 | 7/01 | As part of David G's I-129 Petition, states that David G. was employed by Infanta Foods Swaziland from 1998 to July 2001 as the Sales and Marketing Manager. False supporting documentation, including: organization chart; projected profitability statement; letterhead; company support letter; and commercial lease. |
| 133 | 8/02 | As part of David G's I-129 Petition, states the U.S. company had 10 employees, gross income of $218,532, and net income of $52,258, David G. worked for the South African company from 1998 to August 2001 as the Sales and Marketing Manager.  False supporting documentation, including: company letterhead; company support letter; financial statements; company organization chart; commercial lease; business payroll records; and business invoices. |
| 134 | 11/02 | As part of David G's I-140 Petition, states that Infanta Foods USA, Inc. is operating as La Med Mediterranean Restaurant and as Tiara Designer Jewelry, that David G. is a multinational executive or manager of a U.S. company that employs 10 people, has gross income of $218,532, and net income of $52,258, that David G. has been employed by Infanta Foods USA, Inc. from August 2001 as the Vice President.  False supporting documentation, including: company letterhead; organization chart; financial statements; commercial lease; corporate tax return; employment verification letter; company payroll records; and business invoices. |
| 135 | 10/03 | As part of David G's REF response, states that David G. served as Sales and Marketing Manager at the foreign company and served as Vice-President for the U,S. company. |

| Column A | Column B | Column C |
|---|---|---|
| Count | Date | False Statement |
| 136 | 11/02 | As part of David G's I-485 Application, states that David G. was employed by a foreign company from 2/98 to 8/01 as sales and marketing manager and for the U.S. company from 8/01 as Vice President. False supporting documentation, including: employment verification letter on false letter head. |
| 137 | 9/00 | As part of Mark M's RFE response, states that Mark M. is employed by the U.S. company as Investment/Finance Manager and is also the Vice President, and that Mark M. reports to the Elpar Distributors Board of Directors.   False supporting documentation, including: organization chart; employee duties and responsibilities; invoices; certificate of deposit record; bank statements; payroll employee roster; Form 941 tax returns; Department of Labor quarterly returns; phone bills and W-2 forms. |
| 138 | 8/01 | As part of Mark M's I-485 Application, states that Mark M. resides at 4435 Dunmore Road from 1/01 through 8/01. States Mark M. was employed by Elpar Distributors as Investment/Finance Manager from 1/94 through 11/98, and with Samarda as Investment/Finance Manager from 11/98 through 8/01.   False supporting documentation, including: a false employment verification letter on false company letterhead. |
| 139 | 7/00 | As part of Robert M's I-129 Petition, states that Springbok Construction is a subsidiary corporation of C. Mark Property Brokers and Auctioneers CC and has employed Robert M. as operations manager since 1993. False supporting documentation, including: company letterhead; financial statement; commercial lease; stock certificate. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 140 | 10/00 | As part of Robert M's RFE response, states that Robert M. is employed as the Operations Manager and reports directly to the Director of Operations of C. Robert Property Brokers and Auctioneers CC. False supporting documentation, including: organization chart; list of duties and responsibilities of employees. |
| 141 | 12/00 | As part of Robert M's I-140 Petition, states that Springbok Construction is a subsidiary corporation of C. Mark Property Brokers and Auctioneers CC and has employed Robert M. as Operations Manager since 1993. False supporting documentation, including: company support letter; stock certificate; and commercial lease. |
| 142 | 4/02 | As part of Robert M's I-485 Application, states that Robert M. was employed by C. Mark Property Brokers as operations manager from 3/93 to 7/99. False supporting documentation, including: false employment verification letter. |
| 143 | 03/01 | As part of Wayne W's I-129 Petition, states that Wayne W. was employed by Victory Motor Spares since Jan 1994 and served as Sales Manager. Stated that Woodmead International, Inc. employs approximately 7 people and has gross annual income of $358,791. False supporting documentation, including: company support letter; false letterhead; false business address; stock certificate; employee list; financial statements; Resolution of the Board; and commercial lease. |

| Column A | Column B | Column C |
|---|---|---|
| Count | Date | False Statement |
| 144 | 08/01 | As part of Wayne W's I-140 Petition, states that Wayne W. has been employed by Woodmead International, Inc. since 2000 as Sales Manager, that Woodmead International, Inc. employs approximately 7 people and has gross annual income of $358,791.  False supporting documentation, including: company support letter; letterhead; stock certificate; employee list; financial statements; Resolution of the Board; and commercial lease. |
| 145 | 03/03 | As part of Wayne W's I-485 Application, states that Wayne W. has been employed by U.S. company since 4/00 as Sales Manager and at the foreign company from 5/98 to 4/00 as Sales Manager.  False supporting documentation, including: employment verification letter. |
| 146 | 03/01 | As part of Donna A's I-129 Petition, states that Donna A. was employed by Victory Motor Spares since Jan 1994 and served as Finance Manager, and that Woodmead International, Inc. employs approximately 7 people and has gross annual income of $358,791.  False supporting documentation, including: company support letter; false letterhead; stock certificate; employee list; financial statements; Resolution of the Board; and commercial lease. |
| 147 | 3/03 | As part of Donna A's I-485 Application, states that Donna A. worked for the U.S. company from 4/00 to 3/03 as Finance Manager and for the foreign company from 9/97 to 4/00 as Finance Manager. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 148 | 2/03 | As part of Lolita A's I-129 Petition, states that Lolita A. was employed by Victory Motor Spares from 3/00 as the Operations Manager, that Victory Motor Spares operates a U.S. subsidiary company, Woodmead International Inc., and falsified number of employees and income.  False supporting documentation, including: company support letter; stock certificate; Resolution of the Board; list of employee duties and responsibilities; financial statements; employee list; and commercial lease. |
| 149 | 7/03 | As part of Lolita A's RFE response, states that Lolita A. was Operations Manager for Woodmead International Inc. and reports to the Directors of Victory Motor Spares, that Lolita A. is in charge of 20 employees at Woodmead, and falsifies duties and responsibilities of Lolita A and other employees. False supporting documentation, including: organization chart; Federal Form 941; Department of Labor quarterly returns; and payroll records. |
| 150 | 5/04 | As part of Johannes C's I-129 Petition, states that Johannes C. has been employed at the parent company since 2000, overstated the financial data of the parent company, stated that initial investment in Cussons Holdings Inc. would be $4 million, that employees would total eight to sixteen full time and numerous part time employees. False supporting documentation, including: commercial lease and projected profitability statement. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 151 | 05/04 | As part of William C's I-129 Petition, states that initial investment in Cussons Holdings Inc. would be $4 million, overstates financial data of the parent company, states that employees would total eight to sixteen full time and numerous part time employees, False supporting documentation, including: commercial lease and projected profitability statement. |
| 152 | 5/04 | As part of Ian H's I-129 Petition, states that Ian H. has been employed at the foreign parent company since 1/02 and overstated the financial data of the parent company, information that initial investment in Cussons Holdings Inc. would be $4 million, that employees would total eight to sixteen full time and numerous part time employees.  False supporting documentation, including: commercial lease and projected profitability statement. |
| 153 | 06/04 | As part of Bernand C's I-129 Petition, states that Bernard C. was employed as the Vice President of Operations for Waterval Granite Works CC, that Bernard C. was previously employed as a partner with BJB Building Construction, and that Bernard C. obtained a diploma in business management. False supporting documentation, including: company support letter; letterhead; commercial lease; organization chart; and projected income statement. |
| 154 | 07/00 | As part of Sarel B's I-129 Petition, states that Sarel B. was employed with E. Lemmer & Associates CC as a Manager in the real estate and commodities consulting division from 11/96 to 9/00.  False supporting documentation, including: organization chart; commercial lease; company support letter; letterhead; and list of Sarel B.'s job title, duties, and responsibilities at E. Lemmer and at Canterbury International. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 155 | 07/01 | As part of Sarel B's I-129 Petition, states that Sarel B. was employed with E. Lemmer & Associates CC from 11/96 to 9/00 as a manager in the real estate and commodities consulting division. False supporting documentation, including: company support letter; organization charts; employee list; company letter head; commercial lease; business address; and list of Sarel B.'s job title, duties, and responsibilities. |
| 156 | 1/02 | As part of Sarel B's I-140 Petition, states that Sarel B. was employed as a multinational executive or manager with the title of joint vice-president responsible for the real estate and commodities consulting division. False supporting documentation, including: organization charts; commercial lease; employment verification letter; and company support letter. |
| 157 | 6/02 | As part of Sarel B's I-485 Application, states that Sarel B. was employed as a Manager in the real estate and commodities consulting division from 11/96 to 9/00. False supporting documentation, including: false employment verification letter. |
| 158 | 06/02 | As part of Alan K's I-129 Petition, states that Alan K. worked for Krost Shelving CC from 1994 until 2002 as a Corporate Director and as a Worldwide Sales Manager, responsible for opening an Israeli affiliate. False supporting documentation, including: company letterhead; company support letter; commercial lease agreement; profitability projections; personal resume with job title, duties, and responsibilities. Also falsely stated that Alan K. had been employed on a full-time continuous basis in an executive capacity with the foreign company. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 159 | 7/03 | As part of Alan K's I-129 Petition, states that Alan K. worked for Krost Shelving CC from 1994 until 7/03 as a Corporate Director and as a Worldwide Sales Manager responsible for opening an Israeli affiliate.  Stated false income for the U.S. company. False supporting documentation, including: company support letter; financial statements; tax returns. |
| 160 | 9/03 | As part of Alan K's RFE response, states duties and responsibilities of Alan K. as President.  False supporting documentation, including: organization chart and tax return. |
| 161 | 12/03 | As part of Alan K's I-140 Petition, states that U.S. company earned $547,194 gross income and $284,479 in net income. False supporting documentation, including: company letterhead; company organization chart; company support letter; financial statements; tax returns; and misstated work history. |
| 162 | 12/03 | As part of Alan K's I-485 Application, states that Alan K. was employed by Krost Shelving CC from 1995 to 2002.  False supporting documentation, including: employment verification letter on modified letterhead. |
| 163 | 1/01 | As part of Etnel M's I-129 Petition, states that M.E.G. International employs 10 employees and earns gross annual income of $378,674 and net annual income of $23,722.  False supporting documentation, including: company support letter; financial statements; commercial lease agreement; organization chart; and list of employees. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 164 | 07/01 | As part of Etnal M's I-140 Petition, states that M.E.G. International employs 10 employees, earns gross annual income of $378,674 and net annual income of $23,722, and imports/exports goods. False supporting documentation, including: company support letter; financial statements; commercial lease agreement; organization chart; and list of employees. |
| 165 | 08/00 | As part of Jakobus V's I-129 Petition, states that Jakobus V. was previously in charge of 55 employees at the foreign parent company and U.S. company had gross income of $652,305 and net income of $99,903. False supporting documentation, including: company support letter stating that the parent company continued to operate with 56 employees and has annual gross revenue of $4.5 million and net revenue of $660,000; organization chart; and financial statements. |
| 166 | 01/01 | As part of Jakobus V's I-140 Petition, states that Jakobus V. was a multinational executive or manager and the U.S. company earned gross income of $652,305 and net income of $99,903. False supporting documentation, including: company support letter; organization chart; and financial statements. |
| 167 | 4/01 | As part of Rodney C's I-129 Petition, states that Rodney C. was employed as sales/procurement manager since 7/93 with the foreign company and that Springbok Construction earned gross income of $523,416 and net income of $34,998. States that Nicolette Grant, Director of Operations, was filing the petition on behalf of Rodney C. False supporting documentation, including: company support letter; stock certificate; commercial lease; tax returns; and financial statements. |

| Column A | Column B | Column C |
|---|---|---|
| Count | Date | False Statement |
| 168 | 07/01 | As part of Rodney C's I-140 Petition, states that Rodney C. was a multinational executive or manager of Springbok Construction.  Stated that U.S. company had gross income of $523,416 and net income of $34,998.  False supporting documentation, including: a company support letter stating that Springbok was a subsidiary of C. Mark Property Brokers and Auctioneers CC and that Rodney C. was employed from 1993 with the parent company as Sales Manager; stock certificate; employee list; commercial lease; tax returns; and financial statements. |
| 169 | 7/02 | As part of Rodney C's I-485 Application, states that Rodney C. was employed by C. Mark Property Brokers from 7/93 to 4/00 as Sales Manager. |
| 170 | 1/01 | As part of Ronnie K's I-129 Petition, , states that Ronnie K. served as the Sales and Marketing Manager from February 1998 to January 2001, and Ronnie K. oversees the day-to-day sales and marketing operation, personnel recruitment and the hiring/firing/training of employees. False supporting documentation, including: company support letter and organization chart. |
| 171 | 10/03 | As part of Ronnie K's I-129 Petition, states that Ronnie K. had served as the Sales and Marketing Manager from February 1998 to February 2001.  False supporting documentation, including: company support letter. |

| Column A | Column B | Column C |
|----------|----------|----------|
| **Count** | **Date** | **False Statement** |
| 172 | 3/01 | As part of Dean C's I-129 Petition, states that Dean C. was employed as Sales Manager from April 1997 to May 2000 for Westgate Electronics (Pty) Ltd. and falsified gross and net income for Westgate International Inc.  False supporting documentation, including: company support letter; company letterhead; organization chart; commercial lease; and financial statements. |
| 173 | 7/01 | As part of Dean C's RFE response, states that Dean C. reports directly to the Managing Director of the parent company and the Board of Directors and falsified the duties and responsibilities of Dean C. and other employees.  False supporting documentation, including: organization chart; Federal Form 941; and Department of Labor quarterly returns. |
| 174 | 1/02 | As part of Dean C's I-140 Petition, states that Dean C. is a multinational executive or manager with Westgate International Inc. and overstated gross and net income. False supporting documentation, including: company support letter; organization charts; financial statements; Federal Form 941; Department of Labor quarterly returns; and commercial lease. |
| 175 | 1/03 | As part of dean C's I-485 Application, states that Dean C. was employed as Sales Manager with Westgate Electronics (Pty) Ltd. From 4/97 to 5/00.  False supporting documentation, including: two false employment verification letters. |
| 176 | 1/01 | As part of Jerko P's I-129 Petition, states that Jerko P. was founding a new company in the U.S. and would plan, organize, and direct all business functions.  False supporting documentation, including: company support letter; company letterhead; projected profitability statement; and a commercial lease. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 177 | 3/02 | As part of Jerko P's I-129 Petition, states that Jerko P. was Managing Director of the U.S. company and falsified number of employees and gross and net income. False supporting documentation, including: company support letter; company letterhead; financial statements; employee list; organization chart; and commercial lease. |
| 178 | 8/02 | As part of Jerko P's RFE response, states that Hurleyvale Enterprises Inc. has full time employees.  Included false organization chart and employee duties and responsibilities of Jerko P. and other personnel.  False supporting documentation, including: Federal Form 1099;  payroll checks; Federal Form 941; and Department of Labor quarterly returns. |
| 179 | 10/02 | As part of Jerko P's I-140 Petition, states that Jerko P. is a multinational executive or manager and falsified gross and net income amounts.  False supporting documentation, including: company support letter; company letterhead; financial statements; organization chart; Federal Form 1099; payroll checks; Federal Form 941; Department of Labor quarterly returns; and  commercial lease. |
| 180 | 5/04 | As part of Jerko P's I-129 Petition, states that Jerko P. is President of the U.S. company from 3/02 to 5/04 and falsified number of employees and gross and net income. False supporting documentation, including: company support letter; company letterhead; financial statements; and organization chart. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 181 | 8/00 | As part Of Desmond A's I-129 Petition, states that Desmond A. served as the Managing Director of the U.S. company and falsified the number of employees and gross and net income and that Desmond A. was in charge of 39 employees in South Africa.  False supporting documentation, including: company support letter; financial statements for the U.S. and South African company; commercial lease; and organization chart. |
| 182 | 12/00 | As part of Desmond A's I-140 Petition, states that Desmond A. is a multinational executive for manager, serves as Managing Director for Rhodesfield International Inc., and falsifies the number of employees and gross and net income. |
| 183 | 8/00 | As part of Kyle A's I-129 Petition, states that Kyle A. is Director of Operation for the U.S. company and falsifies number of employees and gross and net income for the U.S. company and states that Kyle A. was employed by the South African company from 1990 until November 1999 as the Director of Operations and was in charge of 21 employees.  False supporting documentation, including: company support letter; financial statements for the U.S. and South African company; commercial lease; and organization chart. |
| 184 | 10/00 | As part of Kyle A's I-140 Petition, states that Kyle A. is a multinational executive or manager and serves as Director of Operations and number of employees and gross and net income.  False supporting documentation, including: company support letter; employee list; financial statements for the U.S. and South African company; commercial lease; and organization chart. |

| Column A | Column B | Column C |
|----------|----------|----------|
| Count | Date | False Statement |
| 185 | 7/01 | As part of Kyle A's RFE response, states that Kyle A. manages 7 full time and 9 part time employees, is the Director of Operations (Vice-President), and reports directly to the President of the U.S. company.  Falsifies duties and responsibilities of Kyle A. and other employees.  False supporting documentation including: organization chart; Federal Form W-2; bank statements; and utility bills. |
| 186 | 12/01 | As part of Kyle A's I-485 Application, states that Kyle A. worked for the South African company from February 1990 until November 1999.  False supporting documentation, including: employment verification letter. |

All in violation of Title 18, United States Code, Sections 1001 and 2.

## FORFEITURE PROVISION

[18 U.S.C. § 982(a)(6)]

1.   As the result of committing one or more of the harboring and inducing offenses in violation of Title 8, U.S.C., § 1324(a) [Immigration and Nationality Act § 274(a)] and conspiracy to commit the offenses as alleged in Counts 1 through 36 of this Indictment, defendants, JOHANNES DU PREEZ, FRANCISKA DU PREEZ, JEFFREY ESTEP, and GIDEON SMITH shall forfeit to the United States pursuant to Title 18, U.S.C., § 982(a)(4) and (a)(6), all conveyances used in the commission of the violation, all property, real and personal, that constitutes or is derived from or is traceable to proceeds

obtained directly or indirectly from the commission of the offense, or was used to facilitate, or was intended to be used to facilitate the commission of the offense, including but not limited to the following:

A.   **REAL PROPERTY** All that tract or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at the below-listed addresses, more particularly described as:

(1)   164 Weldon Road, Palmetto, Georgia, 30268;

(2)   25 North Industrial Park, Palmetto, Georgia 30268;

(3)   745 Swanson Road, Tyrone, Georgia 30290.


B.   **BUSINESS INTEREST**   All assets of the business entities known as Newton Granite & Marble, Inc. and Sabie, Inc.


2.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

A _____ TRUE _____ BILL

_____
FOREPERSON

DAVID NAHMIAS
UNITED STATES ATTORNEY

BARBARA E. NELAN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
404/581-6042
Fax 404/581-6181
Georgia Bar No. 537537

61